UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOLANDA R. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 4:10cv0576 TCM |
| LEGACY PHARMACEUTICAL PACKAGING, LLC, and HUMAN RESOURCE STAFFING, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the motion of Legacy Pharmaceutical Packaging, LLC, and Human Resource Staffing, LLC, (Defendants) to dismiss and on the motion of Yolanda R. Scott (Plaintiff) for leave to file an amended complaint.[1]

In her proposed amended complaint, Plaintiff includes, for the first time, allegations of an adverse employment action, i.e., the failure of either Defendant to return her to work, and of a connection between that action and her protected activity, i.e., her complaints of sexual harassment.

"When a plaintiff requests leave to amend [her] complaint before trial, '[t]he court should freely give leave when justice so requires.'" **Bailey v. Bayer CropScience L.P.**, 563 F.3d 302, 307 (8th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)(2)) (second alteration in original).

---

[1] Plaintiff did not file a formal motion for leave to file an amended complaint. Instead, after Defendants filed their motion to dismiss based on several perceived weaknesses in the seminal complaint, e.g., no allegation of an adverse employment action, she responded to their motion by stating that she would file an amended complaint and then filed a pleading titled "Amended Complaint." Rule 15(2) of the Federal Rules of Civil Procedure permits a party to amend its complaint after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave." Plaintiff has obtained neither. Consequently, her "Amended Complaint" will be construed as a motion for leave to file an amended complaint.

"'[P]ermission to amend may be withheld if the plaintiff . . . is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party.'" **Id.** (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994)) (alteration in original). None of these considerations are present in the instant case. The proposed amended complaint was filed at least two months before the deadline for doing so set forth in the case management order and well before the deadline for the close of discovery. Moreover, Defendants have answered the amended complaint.

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint will be granted. The filing of the amended complaint renders the motion to dismiss the seminal complaint moot. See **Pure Country, Inc. v. Sigma Chi Fraternity**, 312 F.3d 952, 956 (8th Cir. 2002); **Blake v. Express Scripts, Inc.**, No. 4:09cv0563 CAS (E.D. Mo. July 1, 2009).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint is **GRANTED**. [Doc. 20]

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **DENIED** as moot. [Doc. 13]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 25th of October, 2010.